## GOWEN, ex parte.

Whether the provisions of *Stat.* 1821, *ch.* 57, and of *Stat.* 1822, *ch.* 193, *sec.* 8, respecting the granting of reviews and new trials, extend to prosecutions under the statute for the maintenance of bastard children;—*Quære.*

Whether a new trial can be granted by the court of Common Pleas after a year from the rendition of judgment, though the application was made within that time;—*Quære.*

THIS was an application for a writ of *mandamus* to be issued to the court of Common Pleas, to grant the applicant a new trial of a prosecution under the statute for the maintenance of bastard children; which *Whitman C. J.* of that court had refused, on the ground that the statute authorizing new trials did not extend to cases of that description. The petition was presented to the court of Common Pleas within a year from the rendition of judgment, but that period had now expired.

After hearing the application, the Court refused to grant a rule to shew cause, expressing themselves to the following effect—

WESTON J. By chapter 57, *sec.* 1, of the revised laws, defining the powers of the judicial courts in granting reviews, it is provided, that whenever there shall have been any legal cause for any judicial court to set aside any verdict before judgment, but nevertheless judgment shall have been rendered on such verdict; the justices of the court may, at any of their terms, giving due notice to the adverse party, grant a review, if they see fit. And by the eighth section of the act, establishing the court of Common Pleas, that court is empowered, within a year after judgment has been rendered, in any action of which it has final jurisdiction, after giving due notice, to grant a new trial, whenever in their opinion the purposes of justice require it. Whether in virtue of either of these statutes, that court has jurisdiction to order a reexamination of the facts in issue, in a prosecution under the act for the maintenance of bastard children, from the view I have taken of the application before the court, I do not deem it necessary to give an opinion ; there being in my apprehension, other sufficient reasons for refusing the rule prayed for. The claims

of justice may sometimes require a review or further trial in these cases; and I am not at this time prepared to say that, when judgment shall have been once rendered, it is out of the reach of the court having final jurisdiction of the subject matter.

The application was made in the court below under the eighth section of the act before referred to, establishing the court of Common Pleas. By this act, that court has no power to grant a new trial at any time, after a year shall have elapsed from the rendition of judgment. The limitation is not, that application be made within a year, but that the court must exercise this power, if at all, within that period. If, in the opinion of this court, the appeal was properly made to the discretion of the Common Pleas by the petitioner, and that they ought to have taken such order upon it as its merits required, when it was presented, the time within which they could by law sustain it has now passed ; and it does not appear to me that we have any authority to revive their power ; so as to call it into exercise after the period, expressly limited by statute, has expired. This court has without doubt the power, where other adequate remedies do not exist, by writs of *mandamus* to compel other courts of subordinate jurisdiction to do their duty ; but such courts ought, when required to do certain acts by this process, to have the legal right and the power to do what is enjoined upon them. It is not enough that it should appear that they have failed in their duty ; but that it remains a continuing duty, of which it is the object of this writ to compel a specific performance.

In the case of *Howard v. Gage* 6 *Mass.* 462, the court refused a writ of *mandamus*, because the period for which the petitioner claimed to be elected to the office to which he sought to be admitted, might expire, before there could be a final decision. The reasoning there, would justify the court in withholding the process ; even if the application had been made in this case within the year ; but after that has elapsed, and the power of the Common Pleas to do what the petitioner prays to have enjoined upon them by this court, has ceased by limitation of law, a case does not appear to me to be presented, in which this court ought to interfere ; I am therefore opposed to granting the rule.

PREBLE J. expressed some doubt whether the statutes authorizing reviews and new trials in certain cases, could be construed to extend to prosecutions under the statute for the maintenance of bastard children.    But without giving any opinion on this point he was in favour of granting a rule to shew cause, that the question might be properly discussed and determined.

MELLEN C. J.   By the application before us, and the admission of the counsel presenting it, we are informed that the court of Common Pleas declined to hear or proceed on the motion or petition for a new trial, on the ground that they had no authority by law to grant one.    This court is now called on to grant a rule on the court of Common Pleas, to shew cause why a *mandamus* should not issue to compel that court to hear and proceed upon such motion or petition.    To my mind nothing can be more clear than that this court should deny the rule, unless they are satisfied they have authority to issue the writ  prayed for ; that is, unless they are satisfied the court of Common Pleas has power to grant a new trial in the case in question.    In ordinary cases a rule to shew cause is granted, because facts may exist, with which this court is wholly unacquainted, but which, upon the return of the rule, may be disclosed, and furnish sufficient reasons for denying the writ.    But the case before us is different.    A want of jurisdiction is the reason assigned by the court of Common Pleas, for not hearing and proceeding on the motion for a new trial.    This is not a matter of fact to be shewn on the return of a rule; but a matter of law, of which, in my apprehension, this court is bound officially to take notice.    I do not perceive the use or even the propriety of calling on the court of Common Pleas, (in the form of a rule to shew cause)  to inform us what the law is upon the question presented in and by the application before us.    To my mind such a proceeding would be intrinsically improper.    This court is, or ought to be, already in possession of that knowledge of the law, by means of which it must be ascertained and decided whether the court of Common Pleas had, in the case in question, any legal power to grant a new trial as prayed for.    If this court is of opinion that the court of Common Pleas had that

Gowen, *ex parte*.

power, a rule ought to be granted ; otherwise, I should be against granting it. On this point, being already in possession of reasons and principles sufficient to convince me that a writ of *mandamus* ought not to issue, I do not wish the court of Common Pleas to furnish me with any more. My reasons, in a few words are these. By law no appeal has ever been allowed, I believe, in Massachusetts, or this State, to the Supreme Judicial Court, from a judgment in a prosecution upon the statute for the maintenance of bastard children. The judgment of the court below always has been final. The statute of Massachusetts and that of this State, giving power to the Supreme Judicial Court to grant reviews in civil actions, never embraced prosecutions for the maintenance of bastard children ; and constant usage and construction confirm this. The 8th section of the act establishing the court of Common Pleas, does not in its terms embrace such a case ; and I consider that section as only giving to that court, in certain cases, a concurrent power with this court, to grant a new trial after judgment; a power which, prior to that time, was vested exclusively in this court; but I consider that no greater or broader power is given to that court than this possesess ; and that of course, it does not extend to the case of a prosecution of this kind, which is not a proceeding according to the course of the common law. Had the legislature intended to give to the court of Common Pleas a power to grant a new trial in such a case, they would have so expressed it; and probably made some provision as to the effect which such new trial, and the acquittal of the party accused, should have upon the bond given for a compliance with the order of court, and the indemnification of the town which would be otherwise chargeable with the maintenance of the child.

For these reasons I am opposed to granting a rule to shew cause.

*Rule refused.*

*N. Emery* and *E. Shepley* for the applicant.